IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10038-CIV-KING/BANDSTRA/WHITE

ALEXIS NORNEILLA MORALES,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause came before the Court on the Order of Reference of the Honorable James Lawrence King dated June 9, 2009. Judge King has instructed the undersigned to conduct a limited evidentiary hearing to determine the reasonableness of fees and expenses requested by Mauricio L. Aldazabal for his court-appointed representation of defendant Alexis Norneilla Morales in this §2255 case. Mr. Aldazabal has requested $8,456.00 in his expense voucher which, on first review by the Court, appears to contain duplicative attorney hours for review of several documents listed in his voucher and attached work sheets. Judge King has requested an explanation of Mr. Aldazabal's work prior to approval of his expense voucher in this case.

On July 21, 2009, the undersigned conducted the necessary hearing and heard Mr. Aldazabal's explanation concerning the several time entries questioned by the Court. Mr. Aldazabal explained that the 1.3 hours spent reviewing a magistrate judge's report and recommendation on March 2, 2009, were not the same as the 1.9 hours charged on March

9, 2009 to review this same document. Rather, the March 2 review involved the report and recommendation of Magistrate Judge John J. O'Sullivan with respect to a co-defendant's motion to suppress evidence which was not joined in by Morales; while the March 9 review concerned a report and recommendation of Magistrate Judge Patrick White submitted after the § 2255 hearing conducted in this case. Mr. Aldazabal introduced both reports and recommendations at the hearing before the undersigned thereby establishing that the two reviews involved two separate documents which were necessary for Mr. Aldazabal's representation of defendant in this case.

Similarly, Mr. Aldazabal established that the 3.1 hours charged for reading petitioner's "pro se petition" on February 13, were not duplicative by his 2.9 hour review of "defendant's 2255 petition" on February 25, 2009. Rather, the review on February 25 involved the 2255 petition of a co-defendant which Morales had moved to adopted prior to Mr. Aldazabal's court-appointed representation of him. Once again, Mr. Aldazabal introduced both petitions to prove these separate and distinct reviews, and to establish that both were necessary in his representation of Morales in this case. The undersigned finds the hours charged for these reviews to be reasonable and necessary to this representation.

Finally, Mr. Aldazabal established that the 5.2 hours charged reviewing transcripts on February 24 and April 2, 2009 were not duplicative because they involved two separate trial transcripts. Specifically, the February 24 review involved Mr. Aldazabal's review of portions of the trial transcripts in the underlying case; while the April 17 review involved his review of the § 2255 hearing before Magistrate Judge White. Again, the undersigned finds that the hours spent reviewing these separate transcripts was reasonable and necessary in this case.

In summary, the undersigned finds not duplicative or unnecessary billing by Mr. Aldazabal in his expense voucher. Mr. Aldazabal apologizes for any confusion in his voucher which may have resulted from less than detailed descriptions of his services in the hourly worksheets attached to his voucher.

Accordingly, the undersigned recommends full reimbursement of $8,456.00 for Mr. Adazabal's thorough representation of defendant Morales in this case.

RESPECTFULLY SUBMITTED this 14th day of August, 2009 in Miami, Florida.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:

Honorable James Lawrence King
All counsel of record